## URSCHEL v. CRAWFORD.

### Patent Appeal No. 3337.

Court of Customs and Patent Appeals.

Dec. 3, 1934.

Faust F. Crampton, of Toledo, Ohio, and Henry E. Stauffer, of Washington, D. C., for appellant.

The Firm of Charles W. Hills, of Chicago, Ill. (Carlton Hill and Benjamin H. Sherman, both of Chicago, Ill., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Urschel, the junior party, has here appealed from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner of Interferences, awarding priority to Crawford, the senior party, upon count 3 of an interference, reading:

"3. An axle for vehicles comprising a tubular member having reduced end portions of increased thickness and formed to receive bearing members of stub axles of the vehicles."

Four other counts were originally involved, but, as to these, the Board of Appeals, reversing the decision of the Examiner of Interferences, awarded priority to Urschel, and the party, Crawford, perfected no appeal with relation thereto. So, they are not here of concern. Count 3, supra, was not involved in the motion to dissolve.

Count 3 originated in a patent, No. 1,690,-511, granted to Urschel on November 6, 1928, upon an application filed by him March 7, 1928, being claim 9 of the said patent. It was and is claimed by Urschel that the subject-matter of the count was, in fact, disclosed by him in another application filed by him on October 5, 1927, which also matured into a patent, being No. 1,690,510, granted upon the same date—November 6, 1928. It does not appear to be seriously questioned that the latter does disclose the subject-matter of the count, nor that Urschel is entitled to rely on the date of October 5, 1927, for constructive reduction to practice, although no express determination of this was stated in either of the decisions below.

The application of Crawford, with which the interference was declared, was filed December 19, 1925—some twenty-two months prior to Urschel's earlier filing date. No specific date other than his filing date was awarded Crawford by the tribunals of the Patent Office for either conception or reduction to practice.

The award of priority to Crawford is based upon the findings of the Patent Office tribunals that Urschel failed to show actual reduction to practice prior to Crawford's filing date, and also failed to establish diligence in reducing to practice within the time when diligence on his (Urschel's) part was required.

While there is no specific date awarded Urschel for conception, both the Examiner and the Board of Appeals concur in the finding that he (as the Examiner expresses it) "had the axle * * * in mind" and that (as the Board expresses it) "axles embodying the subject-matter of the counts were actually made and *shop tested* prior to any date that can be awarded to Crawford." (Italics ours.)

Both tribunals, however, also concur in the finding that none of the axles so made were tested by actual use in a car until long after the filing date of Crawford. The Examiner says: " * * * There is no evidence * * * that any * * * were reduced to practice until January, 1928, when they were first tested on certain Studebaker cars at the Studebaker proving ground."

It is not claimed by Urschel that there was actual use in a car prior to Crawford's filing date, the contention on his behalf being that the shop tests, under all the facts and circumstances of the case, were sufficient to meet the legal requirements and constitute reduction to practice.

The tribunals of the Patent Office concur in the conclusion that this contention is not well taken, as a matter of law, and we are of the opinion that their conclusion is sound.

One of the latest expressions of this court relative to the requirement of actual use in order to establish reduction to practice will be found in the case of Payne v. Hurley, 71 F.(2d) 208, 21 C. C. P. A. (Patents) 1144, where we held that mere bench and shop tests of spark plugs "which had never been used under actual working conditions" were insufficient to meet the legal requirements. Numerous authorities are there cited and need not be here repeated.

Careful attention has been accorded the arguments of counsel for Urschel relative to the weight which should be given to the latter's long experience in the production of automobile axles and the methods of shop tests customarily employed, together with the other circumstances surrounding his early manufacture of axles embodying the count, but we are unable to acquiesce in the contention that actual use in a car was not essential.

The Board of Appeals states, quite succinctly:

"Shop testing [of the axle] by twisting and bending would not serve as a check on the sufficiency of the provisions made for attachment to the vehicle springs nor for permanence of the joint between the bearing sleeves and the axle ends."

Other reasons, general in nature but regarded by us as sound, will be found in the Board's decision.

The remaining question of importance relates to the matter of diligence. Unless Urschel is found to have established, by a preponderance of the evidence, that he was diligent in reducing to practice from the time of Crawford's entry into the field, until he himself filed, he may not prevail.

█ This question of fact is discussed quite elaborately by both the Examiner of Interferences and the Board of Appeals, particularly the former, in their respective decisions. They have reviewed the material evidence in the case and, we think, have weighed it carefully and fairly. To rehearse the evidence and analyze it, in this opinion, could serve no good purpose, so far as we can discern. The rule that this court will not disturb concurring findings of fact by the tribunals of the Patent Office unless they are manifestly wrong is well settled. Thompson v. Fawick, 64 F.(2d) 125, 20 C. C. P. A. (Patents) 953, 956. It is our view here from a full examination of the evidence that the conclusion reached by them upon this question of fact was correct and should be sustained.

█ The suggestion is offered here, as it was offered during the proceedings before the Board of Appeals, that the count at issue is unpatentable to Crawford in view of a patent granted to one Bugatti, which is made a part of the record, upon an application filed nearly a year before the filing date of Crawford. It is said that Urschel is in position to swear back of the Bugatti application under rule 75 of the Patent Office. Urschel's ability to do this, however, is dependent upon his being awarded a date for reduction to practice earlier than he is found entitled to have. Consequently, no error is found in the Board's holding that the Bugatti patent is "as pertinent to the patentability of the claim to appellant as to appellee," and that "under such circumstances the question of its patentability may well be left for consideration by the Examiner after the termination of the interference."

Furthermore, the question of the patentability of a count cannot be raised in this court on appeals in interference proceedings. We will look only to questions of priority and such questions as may be ancillary thereto. This was said by us in the early

period of this court's jurisdiction over appeals from the Patent Office in the case of Robert F. Gowen v. William F. Hendry & Robert W. King, 37 F.(2d) 426, 17 C. C. P. A. (Patents) 789, wherein numerous authorities were cited, and has been reiterated again and again in subsequent cases. One of our latest expressions is to be found in the case of Trumbull et al. v. Kirschbraun, 67 F.(2d) 974, 21 C. C. P. A. (Patents) 758.

During the course of the oral argument the further suggestion was offered to the effect that the court would find it difficult to determine that Crawford's disclosure, in fact, supports the count. Since count 3, supra, was not included in the motion to dissolve, but is before us on the simple question of priority, it is neither necessary nor proper that we pass upon the question so suggested.

We find no error in the decision of the Board of Appeals and the same is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.